UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EPHRAIM R. SMITH,<br><br>Petitioner,<br><br>v.<br><br>DOUG WADDINGTON,<br><br>Respondent. | No. C06-0175MJP<br><br>ORDER DENYING PETITIONER'S HABEAS PETITION WITH PREJUDICE |

This matter comes before the Court on Judge Theiler's Report and Recommendation. Plaintiff has filed objections. Having reviewed Mr. Smiths' petition for writ of habeas corpus, respondent's answer thereto, the Report and Recommendation of Mary Alice Theiler, United States Magistrate Judge, Petitioner Smith's objections to the Report and Recommendation, and the remaining record, the Court hereby ADOPTS Judge Theiler's Report and Recommendation and DISMISSES the habeas petition with prejudice.

**Background**

Petitioner Ephraim R. Smith, proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent submitted a motion to dismiss in lieu of an answer, arguing that the habeas petition is time barred under 28 U.S.C. § 2244(d). Judge Theiler recommends in the Report and Recommendation that the habeas petition should be dismissed because it is time barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A). Mr. Smith objects to Judge

ORDER - 1

Theiler's Report and Recommendation and asserts that the habeas petition was timely filed. Specifically, he argues that his first four grounds for relief in his habeas petition should be equitably tolled while the remaining two grounds were timely filed.

**Analysis**

Mr. Smith objects to the Report and Recommendation's conclusion that he did not timely file his first four grounds for relief. Mr. Smith concedes that he filed his first four grounds outside the one-year limitations period. But Mr. Smith asserts that his first four grounds for relief should be equitably tolled because his attorney failed to timely file his habeas petition. Equitable tolling is the only recognized exception to the statute of limitations. Calderon v. U.S. Dist. Ct., 128 F.3d 1283, 1288 (9th Cir. 1997). While the Ninth Circuit recognizes that equitable tolling may be appropriate in the case of egregious attorney misconduct, it also has held that equitable tolling is not available to petitioners who file untimely claims due to their own lack of diligence. Spitsyn v. Moore, 345 F.3d 769, 800 (9th Cir. 2003). In this case, Mr. Smith's untimely filing was a direct result of his lack of diligence. Mr. Smith argues that the facts in his case are similar to those in Spitsyn, but his case is distinguishable from Spitsyn. The petitioner in Spitsyn retained his attorney long before the filing deadline. In contrast, Mr. Smith did not retain his attorney until March 2002, two months after the filing deadline had passed. Although Mr. Smith had contacted his attorney before the deadline, he did not give his attorney the retainer fee until after the deadline. Unlike the attorney in Spitsyn who was retained before the deadline, and had a clear duty to file the petition at the constant behest of his client, Mr. Smith's attorney did not have such a duty because he was not yet retained. Given that Mr. Smith has not asserted any other external circumstances that delayed him from timely filing his petition, Mr. Smith is unable to establish that he is entitled to the equitable tolling exception.

Mr. Smith also objects to the Report and Recommendation's conclusion that he did not timely file his fifth and six grounds for relief pursuant to 28 U.S.C. § 2244(d)(1)(C) and (D). Section 2244(d)(1)(C) provides that the statute will run from the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been made retroactively

ORDER - 2

applicable to cases on collateral review.  Section 2244(d)(1)(D) provides that the statute will run from the date on which the "factual predicate of the claim or claims could have been discovered through the exercise of due diligence."

Regarding his fifth ground for relief, Mr. Smith argues that two Washington Supreme court cases held unconstitutional the accomplice liability jury instruction given at his trial.  Mr. Smith asserts that the statute should run from the date on which the Washington Supreme Court cases were decided because 28 U.S.C. § 2244 does not specify that the "Supreme Court" is the "Supreme Court of the United States."  However, a plain reading of 28 U.S.C. § 2244 suggests that the "Supreme Court" is merely shorthand for the "Supreme Court of the United States."  For example, in section 2244(c), the "Supreme Court of the United States" is later referred to as the "Supreme Court."  Moreover, in other subsections of this section, state courts are specifically referred to as "state courts."  For example, 28 U.S.C. § 2244(c) mentions "the judgment of a State court."  Thus, a plain reading of the statute suggests that "Supreme Court" only refers to the "Supreme Court of the United States" and not any state supreme court.  As such, the two Washington Supreme court cases are not covered by 28 U.S.C. § 2244.

Mr. Smith also bases his sixth ground for relief on 28 U.S.C. § 2244(d)(1)(C) and argues that the trial court imposed a firearm enhancement whereas the jury verdict authorized a deadly weapon enhancement in contravention of the United State Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004).  However, the Ninth Circuit has held that Blakely does not apply retroactively to convictions that became final before that decision was announced.  Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).  Mr. Smith's conviction became final on September 28, 1999, when the Washington Supreme Court denied review.  Because Blakely was decided on June 24, 2004, it does not apply to Mr. Smith's conviction.  Mr. Smith is therefore unable to establish that § 2244(d)(1)(C) applies.

**Conclusion**

Because Petitioner's federal habeas petition is time barred under §2244(d)(1) and Petitioner fails to establish the applicability of equitable tolling to his first four grounds of relief or the applicability of §2244(d)(1)(C) and (D) to his fifth and sixth grounds, the Court ADOPTS the Report and Recommendation and DISMISSES Petitioner's habeas petition with prejudice.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated this 19th day of October, 2006.

Marsha J. Pechman
United States District Judge

ORDER - 4